# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-14-CR-567-1 |
| | § | |
| ALBERTO REBOLLAR-MORALES | § | |
| aka "PEDRO" | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Arthur R. Jones, Assistant United States Attorney, and the defendant, ALBERTO REBOLLAR-MORALES, and the defendant's counsel, pursuant to Rules **11(c)(1)(A) and 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.     The defendant agrees to plead guilty to Count One of the Indictment.   Count One charges the defendant with **conspiracy to possess with intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance,** in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A). The defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment or sentence either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

1

### Punishment Range

2.      The **statutory** maximum penalty for each violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), **to include a mandatory minimum term of imprisonment of ten (10) years,** is imprisonment for life and a fine of not more than ten (10) million dollars.   Additionally, the defendant may receive a term of supervised release after imprisonment of at least 5 years.   The defendant has been enhanced, however, pursuant to Title 21, United States Code, Section 851.   This enhancement requires the **statutory** maximum penalty for each violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A), **to include a mandatory minimum term of imprisonment of twenty (20) years,** is imprisonment for life and a fine of not more than twenty (20) million dollars.   Additionally, the defendant may receive a term of supervised release after imprisonment of at least 10 years.   Title 18, U.S.C. §§ 3559(a)(1) and 3583(b)(1).   Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.   Title 18, U.S.C. §§ 3559(a)(1) and 3583(e)(3).   Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

### Mandatory Special Assessment

3.      Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by

cashier's check or money order payable to the Clerk of the United States District Court,  c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fine and Reimbursement

4.     Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5.     Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

6.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so.   In the event that the Court imposes a fine or orders the payment of restitution as part of the defendant's sentence, the defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his/her sentencing.   Further, the defendant agrees to full restitution to any victim(s) regardless of the counts of conviction.

### Potential Immigration Consequences

7.     The defendant understands if he/she is not a citizen of the United States, the defendant's plea of guilty to Count One will result in a criminal conviction that could lead to the defendant's subsequent deportation, removal and/or exclusion from the United States.   This conviction could also lead to the defendant being permanently barred from legally entering the United States after being deported or removed.   In addition, the defendant's attorney has advised

3

the defendant of the potential immigration consequences that could come about as a result of the defendant's plea of guilty to Count One.   After understanding the potential immigration consequences of pleading guilty to Count One, the defendant still wishes to plead guilty as detailed in this plea agreement.

## Cooperation

8.    The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines.   The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas.   Should the defendant's cooperation, if any, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines Manual.   This plea agreement does not require the defendant to cooperate, but should the defendant wish to do so the defendant agrees to persist in his/her guilty plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets as contemplated in paragraphs 19 and 20 of this agreement.   The defendant understands and agrees that the United States may request that sentencing be deferred until any cooperation the defendant may provide is complete.

9.    The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to, any other individuals involved in drug trafficking in violation of the Controlled Substances Act or drug trafficking-related money laundering.   The defendant understands that

such information includes both state and federal offenses arising therefrom.   In that regard:

(a)     Defendant agrees that this plea agreement binds only the United States Attorney for the   Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)     Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.   Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation.

(f)     Should the recommended departure, <u>if any</u>, not meet the defendant's expectations, the defendant understands he/she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

## Waiver of Appeal

Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed.   Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on

5

collateral review in a motion under Title 28, United States Code, section 2255.  In the event defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

11.   In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive.   Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence defendant within the calculated guideline range.

12.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

13.   The United States agrees   to each of the following:

(a)   If defendant pleads guilty to Count One of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States

6

will move to dismiss any remaining counts of the Indictment pending against the defendant at the time of sentencing;

(b)     At the time of sentencing, the United States agrees to recommend that the defendant receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines;

(c)     To recommend the Court hold the defendant responsible at sentencing for at least one but less than three kilograms of heroin; and

(d)     If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), and the offense level is 16 or greater, the United States will move the court grant the defendant an additional one level reduction on his/her Sentencing Guidelines offense level based on the timeliness of the plea which allowed the government to efficiently allocate its resources.

## United States' Non-Waiver of Appeal

14.     The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and,

(e)     to appeal the sentence imposed or the manner in which it was determined.

7

## Sentence Determination

15.     Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

16.     Defendant represents to the Court that he/she is satisfied that his/her attorney has rendered effective assistance.   Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)     If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against the defendant.   Defendant would have the opportunity to

8

confront those witnesses and his/her attorney would be allowed to cross-examine them.   In turn, the defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf.   If the witnesses for defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

(c)     At a trial,   defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if the defendant desired to do so, he/she could testify on his/her own behalf.

### Factual Basis for Guilty Plea

17.     Defendant is pleading guilty because he/she is guilty of the charges contained in Count One of the Indictment.   If this case were to proceed to trial, the United States could prove each element of this offense beyond a reasonable doubt.   The following facts, among others, would be offered to establish the defendant's guilt:

a.   Sometime between on or about March 28, 2012 and continuing until on or about November 13, 2014, at or near Houston, Texas areas, and in other locations, all within the jurisdiction of the Court, defendant ALBERTO REBOLLAR-MORALES knowingly and intentionally conspired and agreed with several other persons, to include HENRY ANTONIO GARCIA and others, to possess with intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

b.   In order to accomplish the object of the offense involved in Count One of the Indictment, defendant ALBERTO REBOLLAR-MORALES engaged in a variety of activities, including, but not limited to, possessing and transporting heroin in the Houston, Texas area and/or helping others engage in those types of illegal activities.   The amount of heroin defendant

9

ALBERTO REBOLLAR-MORALES was personally involved in regarding these activities was at least one kilogram, and REBOLLAR-MORALES also understood and expected this amount of heroin to be the object of the conspiracy he entered into regarding Count One.   Some of defendant ALBERTO REBOLLAR-MORALES' activities regarding Count One are further detailed in the following paragraphs.

c.   During the summer of 2012 and continuing through June 2013, ALBERTO REBOLLAR-MORALES and co-defendant HENRY ANTONIO GARCIA sold heroin in the Houston, Texas area on several occasions to several persons, including confidential sources (CS) and undercover (UC) law enforcement officers.   Some of these transactions were gram-level but others were much more substantial, including two over 100 grams.   These transactions included, but are not limited to, the following:

i.      On August 15, 2012, REBOLLAR-MORALES and co-defendant HENRY ANTONIO GARCIA sold 45.66 grams (net weight) of heroin to a female Houston Police Department (HPD) undercover (UC) officer in Houston, Texas.

ii.     On October 11, 2012 REBOLLAR-MORALES sold 228.2 grams (net weight) of heroin for $10,800.00 to a female HPD UC officer in the parking lot of a strip center located at IH-45 and West Road in Houston.   Co-defendant HENRY ANTONIO GARCIA delivered this heroin to the UC.

10

iii.    On February 25, 2013 REBOLLAR-MORALES sold 25.17 grams (net weight) of heroin to a Texas Department of Public Safety (DPS) CS and Drug Enforcement Administration (DEA) UC agent for $1,400.00 at a Target parking lot at the 2400 block of West Lane Drive in Houston, Texas.

iv.    On March 5, 2013 REBOLLAR-MORALES sold 125.71 grams (net weight) of heroin to a DPS CS and DEA UC for $6,250.00) near the purported home of the CS near the intersection of Anderson and Tamarisk Streets in Houston.

d.  REBOLLAR-MORALES was a member of the drug trafficking conspiracy responsible for all of the above heroin loads, and also possessed each as a principal.   In addition to the transactions detailed above, on at least two occasions in approximately June 2013 REBOLLAR-MORALES discussed doing a future 1 kilogram heroin transaction with a CS. REBOLLAR-MORALES told the CS the heroin would cost $34,000, and stated the deal would essentially be 40 ounces of heroin at $850 per ounce, for a total of $34,000.00.

## Breach of Plea Agreement

18.    If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand.   If at any time defendant retains,

conceals, or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Forfeiture

19.    This plea agreement is being entered into by the United States on the basis of defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees to forfeit whatever interest he/she may have in assets related to **drug trafficking activities,** including any assets listed in the Indictment.

20.    Defendant consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not  limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of defendant's assets to deliver all funds and records of such assets to the United States.

### Complete Agreement

21.    This written plea agreement, consisting of 15 pages, including the attached addendum of defendant and his/her attorney, constitutes the complete plea agreement between the United States, defendant and his/her counsel.   No promises or representations have been made by

the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

22.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _MAy 29_____, 2015.


_Alberto Rebollar Morales_
ALBERTO REBOLLAR-MORALES
Defendant

Subscribed and sworn to before me on _May 29_____, 2015.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

By:    _M. Flores_____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
ARTHUR R. JONES
Assistant United States Attorney

_____
ADRIAN ALMAGUER
Attorney for Defendant

13

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-14-CR-567-1 |
| ALBERTO REBOLLAR-MORALES aka "PEDRO" | § § § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his/her rights with respect to the pending Indictment.   I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
ADRIAN ALMAGUER
Defense Counsel

MAy 29, 2015
Date

14

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.


*Alberto Rebollar Morales*                                          MAy 29, 2015
ALBERTO REBOLLAR-MORALES                      Date
Defendant

15